BRIGHAM H. MARTIN ET AL., EXECUTORS, V. SUSAN SPURRIER ET AL.

1. ACTION TO RECOVER POSSESSION OF REAL ESTATE BY EXECUTORS—PLEADING.

In an action for possession of real estate brought by the executors of a will, it is sufficient to allege that they have a legal estate in the premises, are entitled to the immediate possession thereof, and that the defendant unlawfully keeps them out of possession. Although the will is the source of the executors' title, it is not good pleading to make the will, or a copy thereof, a part of the petition; yet, when this has been done, and no motion is made to reform the pleading, the objection is waived by demurring to the petition.

2. DEVISE OF REAL ESTATE AND PERSONAL PROPERTY TO BE SOLD AND DISTRIBUTION OF PROCEEDS TO BE MADE BY EXECUTORS, CONSTRUED.

A testator by his will gave to his widow certain real estate so long as she should remain his widow, and directed that the balance of his real estate and personal property should be sold at private or public sale, and the proceeds be applied to the payment of all his just debts and funeral expenses; and provided, that after all of his said debts were paid, then, should his said widow prefer her legal share in the residue rather than the real estate so given her

Martin v. Spurrier.

said real estate should be also sold and she should have her legal share of the estate; and provided, that after his said widow had received her legal share, as she should desire, the balance of the estate should be equally divided among his six children, naming them. The widow elected to take her legal share in the residue of the proceeds of sale of all of said property after payment of said debts; and for a valuable consideration released her interest in said proceeds to the children of the testator named in the will. The testator appointed two executors with full power to execute the will as therein directed. *Held:*

(a) That the direction to sell the real estate was not left discretionary with either the executors or with the heirs; but that the direction to sell was imperative, and the only discretion given the executors is as to the manner of sale.

(b) That under the direction to sell, the real estate is to be regarded, for the purpose of distribution, as converted into money; and the beneficiaries take, at the death of the testator, a vested interest in the proceeds of the sale.

(c) That the imperative direction to sell the real estate, and the unconditional requirement to distribute the proceeds among the beneficiaries named, are powers coupled with an interest; and, by force of the will, the title to the real estate of the testator vests in fee in his executors, and does not descend to his heirs.

(d) That the duty of making the sale and the distribution of the proceeds devolves, by the will, upon the executors, and not upon his heirs.

(e) That the executors take the fee in the real estate, and with it the right of possession; and the executors may maintain an action for possession, under Sec. 5781, Rev. Stat., against one wrongfully in possession, and the heirs are not necessary parties.

HEARD ON ERROR.

M. E. Danford & Charles H. Fox, for plaintiffs in error.

George W. Barry and Kennedy & Tannehill, for defendants in error

VOORHEES, J.

The petition in this case was filed in the court of common pleas of Morgan county by the executors of the last will and testament of Otho Elliott, deceased, against the defendants to get possession of the real estate described in the petition.

In plaintiffs' amended petition, and as a first cause of action, it is alleged in substance that: On June 13, 1900, Otho Elliott died leaving a will, a copy of which is attached to the amended petition, and made part thereof: That said will was on June 30, 1900, duly admitted to probate and record by the probate court of said county. The plaintiffs are named as executors of the will, and that they were duly qualified as such; that said Otho Elliott died seized of the real estate described in the petition. ·

It is further alleged in the petition that plaintiffs have had, since June 30, 1900, a legal estate in and to all of said described lands, and are now entitled to the immediate possession of the same. That on or about December 10, 1900, the defendants entered upon and took possession of all of said lands, and have ever since retained the possession of the same and since said December 10, 1900, they have unlawfully kept plain-

tiffs out of possession of said lands and they are now unlawfully keeping them out of possession of the same. Prayer is for judgment and an order for the delivery of the possession of the premises.

A second cause of action was set forth in the petition, but it having been withdrawn, the only question we have to consider is, as to the sufficiency of the first cause of action as against a demurrer. The action being one to recover the possession of real estate, its sufficiency is to be tested by Sec. 5781, Rev. Stat. The section provides that: "In an action for the recovery of real property, it shall be sufficient if the plaintiff states in his petition that he has a legal estate therein, and is entitled to the possession thereof, describing the same as required by Sec. 5095, Rev. Stat., and that the defendant unlawfully keeps him out of the possession; and it shall not be necessary to state how the plaintiffs' estate or ownership is derived."

The petition in this case contains the requisite allegations under said section; but it is contended that attaching a copy of the will and making it a part of the petition these material allegations as to title and right to possession in the plaintiffs as such executors are destroyed, for the reason, according to the claim of defendant, that under the will they do not get any title to the land nor does it give them the right of possession.

It is true the purpose of the pleader in attaching the will and making it a part of the pleading was, to give the source of the plaintiffs' title and to show how their estate or ownership was derived.

No motion was made to strike the copy of the will out of the petition, but instead a demurrer was interposed.

The first question then is, was it proper pleading to make the will a part of the petition?

The will is evidence of title; but as the action is not founded upon the will it should not be made a part of the petition. Section 5086, Rev. Stat.

In the absence of a motion to reform the pleading, is it good as against a demurrer?

In actions founded upon written agreements, other than for the unconditional payment of money only, it is not good pleading to copy the written instrument into the pleading, nor to attach a copy making it a part thereof, and upon motion for that purpose a reformation of the pleading would be ordered; yet, when it has been done without objection, and the petition contains facts sufficient to constitute a good cause of action, if well stated, the judgment will not be reversed. Crawford & Morrison v. Satterfield, 27 Ohio St. 421.

Martin v. Spurrier.

The question presented is: Does the petition, with the will as a part thereof, set forth a cause of action good as against a general demurrer?

A demurrer was filed to the petition stating three grounds:

First. A defect of parties plaintiff.

Second. Defect of parties defendant.

Third. The petition does not state facts sufficient to constitute a cause of action.

We will consider the grounds of demurrer in the reverse order, and attention will be directed first to the last or third ground. As against a demurrer, the petition is not defective merely because a copy of the will is made a part thereof. Crawford v. Satterfield, *supra*. This will being so attached can be looked to, as a part of the petition in testing the pleading on general demurrer.

The plaintiffs having attached to their petition a copy of Otho Elliott's will, and made it a part thereof and the will being the source of title to them, for the premises in controversy, and their right to possession being derived from the same source, attention will be first directed to its provisions. The testator by making the plaintiffs the executors of his will, and by giving them authority to execute the same, their title in the property or right of possession is to be determined by the will alone. What interest does the will give the executors in this real estate, and what are their rights as to possession?

The provisions of the will which relate thereto are as follows:

"Item first. I desire that all my just debts and funeral expenses shall be paid as soon as possible after my decease.

"Item second: I bequeath to my beloved wife Acsha Elliott the house and lot where we now reside so long as she shall remain my widow.

"Item third: The balance of my real estate and my personal property be sold at private or public sale and the proceeds to be applied to the payment of all my just debts and funeral expense.

"Item fourth: After all my debts are paid then shall my wife Acsha Elliott prefer her legal share in the residue rather than the house and lot where we now reside, then the house and lot shall be sold and she shall have her legal share of the estate. After my wife has received her legal share as she may desire the balance of the estate shall be equally divided among my six children to-wit: Lewis Elliott, Charles Elliott, Emma Dougan, Mary Davis, Ada Sisk and Anna Martin.

"Item fifth: I nominate and appoint B. H. Martin and J. C. Sisk, both of Morgan county, Ohio, to be the executors of this my last will and testament with full power to execute the same as herein directed."

8   O. C. C.—13-23.

It is alleged in the petition that said Acsha Elliott survived her husband, and after the probating of the will she elected to take her interest in the proceeds of the sale of the lands of said testator and not the house and lot given her in item two, and for a valuable consideration she released all her interest in the estate to the children and her rights were thereby extinguished.

The contention of the respective parties may be summarized as follows: The plaintiffs in error as executors contend that by the will of Otho Elliott, his real estate was converted into personalty, and the beneficiaries named therein took, at the death of the testator, a vested interest in the proceeds of the real estate when sold according to directions under the will. That by force of the will the real estate in controversy vested in fee simple in the executors, and did not descend to the heirs of the testator, and that the title being in the executors they are entitled to the possession of the premises.

On the other hand, defendants in error contend, that the executors take no interest in the property further than necessarily connected with its sale; and, subject only to this power to sell, the testator, so far as they, the executors, are concerned, left the title as it stood at law to pass to his heirs to be divested only by the execution of the power to sell by the executors.

The solution of the question arising from these conflicting claims, lies in the proper construction of the will of Otho Elliott; and the main controversy depends upon the construction of the third item of the will. The question is, whether the sale of the lands therein provided for is directed and authorized to be made by the executors; or whether the direction to sell is contingent on the executors getting authority to sell from the court, in order to distribute the estate as directed in the will. In other words, are the executors empowered and unconditionally required to convert the real estate into money, by selling it either at public or private sale?

The testator in the third item of the will does not in terms direct by whom the sale of his real estate shall be made; but he does direct the balance, meaning his real estate other than the house and lot given to his wife in item two, be sold at public or private sale.

In item four, in the event his wife should prefer to take her legal share in the residue of his estate, after the payment of debts and funeral expenses, rather than the house and lot given her in item two, then he directs that the house and lot shall also be sold, and his wife or widow shall have her legal share of the estate, and the balance to be equally divided among his six children named therein.

In the fifth item he names the executors, who are the plaintiffs in error, giving them full power to execute the will as therein directed.

The whole will is to be construed together, and each part shall be so construed as will conform its general scope and purpose to the whole instrument.

The testator intended that his real estate should be sold either at private or public sale. A sale is necessary in order that the distribution should be made as provided for in the will. The testator gives no interest in the real estate in question, or in its proceeds, to his children by way of direct devise or bequest; the gift is to be found only in the direction to distribute the proceeds of its sale, and the naming of the persons among whom distribution is to be made. It is clear that he did not intend the distributees should have any beneficial use or enjoyment of the real estate as such.

By the second item of the will the testator gives to his wife Acsha Elliott the house and lot where they then resided, so long as she should remain his widow. The balance of his real estate and personal property to be sold, and the proceeds applied to the payment of debts and funeral expenses. If, however, his wife should prefer her legal share in the residue of his estate, that is, the proceeds arising from either a private or public sale of his real and personal property after paying debts, to the house and lot given in item two; then the house and lot to be also sold, and she to have her legal share of the estate; and after she shall receive her share, the balance of the estate shall be equally divided among his six children named in the will.

It will be observed that the direction to sell or power to sell, under the will, except as to the house and lot described in item two, is not contingent on any event that may or may not happen; but the direction to sell the property, real and personal, is imperative; and, it seems to us, the duty of making the sale is imposed on the executors. They are given full power to execute the will. The only discretion given is as to manner of sale.

It is contended by defendants in error, that as the executors are not named as persons who shall make the sale of the property, that these plaintiffs have no interest in the property by virtue of their office as executors, and consequently there is no imperative duty requiring them to convert the real estate into money by selling it.

This contention is not sound. In the case of Collier v. Grimesey, 36 Ohio St. 17, the executors were not named as persons who should make the sale of the real estate under the will. In the paragraph of the will in that case, directing the sale of the real estate, it did not designate who should sell it. The paragraph directing the sale is as follows:

" I direct that when my son, Samuel Painter, shall arrive at the age of twenty-one years, that the above mentioned real estate shall be sold (provided that my wife's widowhood shall have ceased before that time) and to be divided between them as follows : Seth, Samuel and Oris two shares each, and the rest of my children one share each." Then follows in the next paragraph the authority and only authority or designation of the persons who shall make the sale contemplated. " And lastly, I constitute, nominate and appoint my son, Seth Painter, and my son-in-law, John Grimesey, my executors, to act and see the accomplishment of this, my last will and testament according to the true intent and meaning thereof."

The Supreme Court in that case held: " The duty' of making the sale and dividing the proceeds is imposed on the executors," and " as one of the executors refused to act, the duty of executing the trust devolved, under the statute, upon the other executor."

That Otho Elliott, the plaintiffs' testator, intended that the sale of the lands and the division of the proceeds should be made by them, as executors of the will, is shown by the language used in the fifth and last item or the clause of the will. He appoints the plaintiffs his executors with full power to execute the will as therein directed.

It seems to us the testator could not have intended to devolve the making of the sale and distribution of the proceeds upon his heirs ; but that he regarded this as a matter to be accomplished by his executors. Where, in a will, a testator confers power upon his executors to sell his real and personal property at private or public sale and distribute the proceeds of the sale among beneficiaries, designated in the will, it is a power coupled with an interest, and will be so construed, if the other parts of the will seem to require it, in order to carry out the intention of the testator. And in such case, by force of the will, the title to the real estate is vested in fee simple in the executors, and does not descend to the heirs. Williams v. Veach, 17 Ohio, 171 [49 Am. Dec. 453].

We think this case is decisive of the questions raised by the demurrer to the plaintiff's petition. The material question in the case of Williams v. Veach, *supra*, was raised by the court below in refusing the instructions asked by plaintiff, and in the instructions given. The suit was to recover the possession of real estate.

" After the testimony was closed, the plaintiff requested the court to instruct the jury, that, by the language of the said will of John Kidd, the fee simple did not become vested in the executors of the said John Kidd ; and that said fee descended to, and became vested in his heirs at law, on the death of John Kidd. This instruction the court refused, but

Martin v. Spurrier.

did instruct the jury that, by the will, the executors were vested with the fee, and that the same did not descend to the heirs." The instruction given was affirmed by the Supreme Court.

Whether the fee in the real estate in this case is in the executors or in the heirs, depends upon the third and fourth items of the will. In item three the direction is to sell the real estate and personal property of the testator at private or public sale, and the direction is imperative; and as seen by authority this duty devolves upon the executors and not upon the heirs. Collier v. Grimesey, *supra*.

Item fourth makes a disposition of the proceeds of the sale. It provides that the proceeds of the sale shall be divided among the children of the testator. There is no discretion vested in the executors, or in the heirs, whether the real estate shall be sold or not. The direction is that the real estate shall be sold, and the proceeds of the sale divided among the persons designated.

The bequest is of money, the proceeds of the sale of land, and not of the land. The beneficiaries under the will take the property with the character impressed upon it by the testator. Their interest became vested at the taking effect of the will. The conversion was necessarily to precede the distribution; and the gift is, therefore, to be regarded as a bequest of personalty, and not as a devise of land. It makes no difference that the fund to be distributed is the proceeds of that which was land, at the date of the will, or at the testator's death. The bequest is nevertheless a legacy, and when vested in interest in the legatee, whatever may be the time for its payment, the law of succession in respect to it is to be found in the statute, not of descent, but of distribution.

This doctrine and rule of construction have been frequently recognized in this state. Richey v. Johnson, 30 Ohio St. 288; Collier v. Grimesey, *supra*; Williams v. Veach, 17 Ohio 171 [49 Am. Dec. 453].

This case is distinguished from Elstner v. Fife, 32 Ohio St. 358, and Nimmons v. Westfall, 33 Ohio St. 213.

In those cases the power invested in the executors was not coupled with an interest as in this case, to distribute and apportion the proceeds of the sale, in the manner and among the parties indicated by the will. In Elstner v. Fife, *supra*, the trust conferred by the will, was intrusted to a special trustee, and not to the executors, as in the case at bar, where the testator not only directs that his real estate be sold by his executors, but that they divide and distribute the proceeds, which takes this case out of the rule of construction adopted in Elstner v. Fife, *supra*, and Dabney v. Manning 3 Ohio, 321 [17 Am. Dec. 597].

We think the case of Collier v. Grimesey, *supra*, is directly in point and decisive of this case.

A mere direction in a will to executors to sell land is a naked power, and gives them no estate or interest in the land whatever; and, until the power is executed the land descends to the testator's heirs at law. Nimmons v. Westfall, *supra.*

Where no necessity can arise to call for an exercise of this naked power, under the will, the executors are vested with no title to the real estate. But where a testator devises to his children, naming them, or their heirs forever, the proceeds of land in equal proportions, and further directs that his executors shall apportion and distribute the same, according to the will, the title to the land, in such case, is vested in the executors. This is the logical conclusion of the court's reasoning in the case of Nimmons v. Westfall, *supra.* And where the provisions of the will evince a design in the testator, that at all events the lands are to be sold by his executors, and they are to distribute the proceeds thereof among the legatees, in order to satisfy the whole intent of the will, this is not a mere naked power, but one coupled with other trusts and duties. Franklin v. Osgood, 14 Johns. (N. Y.) 527; Peter v. Beverly, 35 U. S. (10 Pet.) 532; Martin v. Barnard, 33 Ga. 520.

It is a well recognized principle of law in our state at least, that the title to land must rest somewhere. In some of the states it is held that the title may be in abeyance; but not so in Ohio. Gilpin v. Williams, 25 Ohio St. 283, 295.

Our conclusion is, that under the will of Otho Elliott, the title to the real estate, described in the petition, is vested in the executors, the plaintiffs in error. Title to lands, nothing else intervening, draws with it the right to possession in the holder of the legal title.

Therefore, from the facts stated in the petition, which are admitted by the demurrer, and this conclusion as to the true construction of the will, vested title in the executors, we hold, that the petition states a good cause of action, and the third ground of demurrer is not well taken.

This conclusion settles also the question raised by the first and second grounds of demurrer, as to defect of parties plaintiff or defendant. If the plaintiffs have the legal estate and are entitled to possession, then there is no defect of parties plaintiff; and the children of the testator are not concerned as to the title or possession of the lands. Their interest is in the proceeds of the land and not in the land. The widow, having parted with her interest in the estate, is not a necessary party.

Therefore, the demurrer is not well taken, and the common pleas erred in sustaining the same, and for this reason the judgment is reversed and cause remanded with instruction to overrule the demurrer.